AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 14 2016
BY_____ ARTHUR JOHNSTON
                                    DEPUTY

| United States of America | ) |
|---|---|
| v. | ) |
| Victor John Wendell, Jr. | ) Case No. 1:16mj539-RHW |
|  | ) |
|  | ) |
|  | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 12 2016__ in the county of __Harrison__ in the __Southern__ District of __MS, Southern Division__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Possession with Intent to Distribute a Controlled Substance, to wit, 11 kilograms or more of cocaine hydrochloride, a schedule II narcotic drug controlled substance. |

This criminal complaint is based on these facts:
See affidavit attached hereto and incorporated herein

☑ Continued on the attached sheet.

_____
Complainant's signature

Robert Drace, Task Force Agent DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: 04/14/2016

_____
Judge's signature

City and state: Gulfport, MS

Robert H. Walker, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT

I, Robert W. Drace, being first duly sworn, state as follows:

## Introduction

Your Affiant, Robert W. Drace, is a Task Force Agent (TFA) with the Drug Enforcement Administration (DEA), United States Department of Justice. TFA Drace has been a sworn law enforcement officer with the Harrison County Sheriff's Department since February 2002. TFA Drace was deputized as a Task Force Agent in September 2013. TFA Drace is authorized to perform duties as provided by law and department regulations and as such participates in investigations enforcing Title 21, United States Code, Section 878, to enforce Title 21 and other criminal laws of the United States. He has received special training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. He has participated in and has conducted investigations which have resulted in the arrest and conviction of individuals who have smuggled, received, and distributed controlled substances, as well as the seizure of illegal drugs and proceeds derived from the sale of those illegal drugs. In addition, he has conducted, in connection with these and other cases, follow-up investigations concerning the concealment of narcotics-produced assets, money, bank records, etc., and the identification of co-conspirators through the use of ledgers, telephone bills and records, and photographs, as related to drug trafficking. He has been involved in various types of electronic surveillance, in the execution of search and arrest warrants, and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealing of proceeds from controlled substance trafficking.

## Probable Cause Factual Basis

On April 12, 2016, at approximately 11:45 pm, Harrison County Sheriff's Department Deputy Chris Sexton initiated a traffic stop on a 1999 Coachman RV bearing Texas license plate (GVP 1304) registered to Victor John Wendell Jr. on Interstate 10 East at the 29 Mile Marker in Gulfport, Mississippi. The traffic stop was made following an observation where the vehicle was drifting from lane to lane and onto the shoulder. Deputy Sexton subsequently made contact with the driver and sole occupant, Victor John Wendell Jr. Immediately, Deputy Sexton noticed that Wendell appeared impaired and asked him to exit the vehicle to further evaluate his condition. Deputy Sexton observed Wendell's speech to be slurred and he was disoriented as to his whereabouts. Wendell then claimed his erratic driving was due to him being tired in addition to vehicle problems. As Deputy Sexton began records checks on Wendell, he realized he had a

previous encounter with Wendell where he learned that he had an extensive criminal record for drug trafficking and alien smuggling.

Suspecting that criminal activity was afoot due to Wendell's behavior and history, Deputy Sexton asked Wendell for consent to search of his vehicle which he agreed. A search of the vehicle ensued leading to the discovery of suspected crack cocaine under the driver seat cushion and associated paraphernalia under the driver seat. A further search of the vehicle ensued by Deputy Sexton and Captain Bruce Carver that led to a visual inspection of an outer A/C system atop the RV. Upon looking onto the roof of the RV, Captain Carver noticed fresh footprints and handprints on the roof and outer shell of the A/C system. Upon closer inspection, deputies also noticed the screws holding the cover were either loose or missing suggesting that it was recently removed. Utilizing a fiber optic inspection camera, Captain Carver was able to observe multiple kilogram packages of suspected cocaine concealed within. Wendell and his vehicle were then relocated to the Harrison County Sheriff's Department workcenter where the A/C system was dismantled revealing (11) kilogram size bundles of suspected cocaine sealed in heat sealed bags and the wrapped in electrical tape.

·DEA TFA Rob Drace and Harrison County Sheriff's Department Investigator Brad Auringer then advised Wendell of his rights per Miranda which he acknowledged and signed agreeing to questioning. In a subsequent interview, Wendell spontaneously stated, "I'm done, y'all got me good, I'm going to die in jail". TFA Drace then asked what he meant by his comments with Wendell stating "you got me". TFA Drace then asked about the cocaine found within the vehicle with him adamantly denying any knowledge of it. TFA Drace then began the booking process and Wendell requested to speak about the incident. Wendell related that this was his second trip of this nature with the previous involving him traveling to an RV park in Jackson County, Mississippi and later to a residence in the vicinity to have the cocaine removed and then replaced with currency. Wendell related that on this date, he was going to travel to the same RV park and obtain a campsite and wait for his source of supply, he identified as "Hector" to contact him. "Hector" would then advise the next procedure which typically involves him traveling to a gas station and then following a black male subject to a residence. At this location, the cocaine would be removed and then replaced with currency destined for McAllen, Texas. Wendell further admitted that he personally assisted in loading the cocaine into the A/C system on this occasion and the previous occasion. Subsequent to the investigation, TFA Drace and Captain Carver conducted a preliminary field test on the crack cocaine and cocaine removed from the A/C system that resulted in a positive reaction for the presence of cocaine. The suspected cocaine was processed separately as evidence and had a preliminary combined weight of approximately eleven kilograms.

## CONCLUSION

Based upon my experience as a DEA Task Force Agent and the facts listed above involving, it is my opinion that there is probable cause to believe that violations of Title 21, United States Code,

Section 841(a)(1), have been committed in the Southern District of Mississippi by Victor John Wendell Jr. and others who possessed with the intent to distribute cocaine HCL.

_____
Robert W. Drace
Task Force Agent
Drug Enforcement Administration

Sworn and subscribed this 14th day of April, 2016 before

_____
United States Magistrate Judge